**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL LARUE HYDE &**             **CIVIL ACTION NO.**
**SAMANTHA JO HYDE (née GORDON),**
**IN THE INTEREST OF BLH & BLH**

**VERSUS**             **23-172-BAJ-EWD**

**STATE OF LOUISIANA**
**DEPARTMENT OF CHILDREN &**
**FAMILY SERVICES, ET AL.**

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 5, 2023.

                                                   **ERIN WILDER-DOOMES**
                                                   **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL LARUE HYDE &**  **CIVIL ACTION NO.**
**SAMANTHA JO HYDE (née GORDON),**
**IN THE INTEREST OF BLH & BLH**

**VERSUS**  **23-172-BAJ-EWD**

**STATE OF LOUISIANA DEPARTMENT OF**
**CHILDREN & FAMILY SERVICES, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed by Michael L. Hyde and Samantha Jo Hyde (formerly Gordon) ("Plaintiffs"), in the interest of their minor children, B.L.H. and B.L.H.[1] It is recommended that this matter be dismissed without prejudice. The Court lacks subject matter jurisdiction over Plaintiffs' request to have custody of their children restored, and Plaintiffs' other constitutional claims are improperly raised in a habeas corpus petition.

**I.  BACKGROUND**

On March 7, 2023, Plaintiffs, who are representing themselves, filed their Petition in this Court on a form document seeking a writ of habeas corpus.[2] While Plaintiffs' Petition is difficult to understand,[3] interpreting the allegations broadly because Plaintiffs are representing themselves,[4] they seem to be challenging a custody proceeding in the Twenty-First Judicial District Court,

---

[1] R. Doc. 1.
[2] Plaintiffs paid the $5 habeas filing fee. R. Doc. 1.
[3] Plaintiffs' statements are not written in complete sentences and lack punctuation. They also contain what sometimes appear to be irrelevant legal phrases.
[4] *See Johnson v. Attorney Office of Newman, Mathis, Brady & Spedale,* No. 12-706, 2013 WL 6834381, at *2 (M.D. La. Dec. 23, 2013), citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (finding allegations in a *pro se* complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also S.E.C. v. AMX, Intern. Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively").

Juvenile Division ("21st JDC")[5] in June-July 2021 that resulted in Plaintiffs' children being placed in foster care.[6] It seems that a trial occurred at which "petitioner," (presumably, Defendant State of Louisiana through the Department of Children and Family Services ("DCFS"), Amite Regional office). Plaintiffs believe DCFS "withdrew" its petition to terminate parental rights after closing arguments because DCFS could not meet its burden of proof, which shows that DCFS "does not want to terminate parental rights any longer."[7] Plaintiffs also contend that they have filed several motions "in objection to CINC case" in the 21st JDC that have not been answered, and that Plaintiffs have not been given a hearing.[8] At bottom, it appears that Plaintiffs' children were put into foster care with non-relatives, and Plaintiffs contend that there is no need to continue foster care.[9] Plaintiffs state that there are "no final orders of record to Appeal…No record for appeal to Review,"[10] but note that they have filed "notice of intent to file for a supervisory writ" on June 21, 2022, which suggests that the custody proceedings are not yet final.[11]

Plaintiffs allege four grounds in support of habeas relief. Ground One is asserted as: "the right to protection from unlawful search and seizure," in support of which Plaintiffs allege that DCFS was "let" into Plaintiffs' home by another family member while Plaintiffs were not there. DCFS "lied" to Plaintiffs about having "court orders for removal" at the time, and, although imminent danger was alleged, Plaintiffs' children were apparently not removed from the home for another seventeen days.[12] Ground Two is asserted as: "parents not being charged with a crime petition is a prima face case quasi-in rem where there is no injured party the children are the

---

[5] The 21st JDC is in Livingston Parish, Louisiana.
[6] However, Plaintiffs also reference a February 27, 2023 decision or action. R. Doc. 1, p.2, ¶6(d).
[7] R. Doc. 1, p. 1-2, ¶¶4-6; p. 5, ¶12. Plaintiffs also named "Rebecca Seal" of DCFS as a defendant but did not assert any specific factual allegations related to her. R. Doc. 1, p. 1.
[8] R. Doc. 1, p. 2, ¶7(a). Plaintiffs characterize these motion filings in the 21st JDC as their "first appeal."
[9] R. Doc. 1, pp. 1-2, ¶¶4-6.
[10] R. Doc. 1, p. 3, ¶ 8(b), and see p. 4, ¶10(c): "Under no final orders with sentence imposed by state trial court."
[11] R. Doc. 1, p. 5, ¶12. Despite stating that they filed their notice of intent to seek a writ, Plaintiffs indicated "no" in response to the form's question regarding whether they filed a second appeal to a higher authority. R. Doc. 1, p. 2, ¶8.
[12] R. Doc. 1, p. 6, ¶13.

2

production of parents within marital regime information disclosed intervivos to agency should not be used against parents." The facts supporting this ground refer to the state court trial and that DPSC's withdrawal of its petition is the civil law equivalent of double jeopardy, which Plaintiffs argue is grounds for dismissal.[13] Ground Three is asserted as "the right to be free from cruel and unusual punishment unlawful excessive fees and fines." The facts supporting this ground essentially allege that permanency is best for children, who have the right to be cared for by their parents and it is cruel and unusual for them to be placed in non-relative foster care.[14] Ground Four is asserted, in pertinent part, as "holding children under warrant as collateral for [] performance is involuntary servitude and human trafficking…." The facts supporting this ground refer to the introduction of the children's birth certificates at the trial. Plaintiffs contend they did not ask to see the certificates, so DPSC cannot show that Plaintiffs abandoned their children.[15]

Plaintiffs specifically state that they seek: "**immediate reunification [of] natural children with natural parents without further delay** and any other relief on which mandamus for habeas corpus can be granted under these exceptional circumstances… no finality is doing substantial harm to all parties involved but claiming minors are in need of care is not supported…."[16]

## II.   LAW AND ANALYSIS

### A. This Court Lacks Jurisdiction Over Challenges to State Court Child Custody Decrees

Plaintiffs filed their Petition under 28 U.S.C. § 2241. The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") apply to this case.[17] Habeas Rule 4 directs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Habeas petitions

---

[13] R. Doc. 1, p. 6.
[14] R. Doc. 1, p. 6.
[15] R. Doc. 1, p. 7.
[16] R. Doc. 1, p. 7, ¶15 (emphasis added).
[17] *See* Habeas Rule 1(b) (providing that the "district court may apply any or all of these rules to a habeas corpus petition not covered by [petitions brought under 28 U.S.C. § 2254]").

3

filed by parties representing themselves "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers."[18] However, because federal courts are courts of limited subject matter jurisdiction, a federal district court is under a continuing duty to evaluate its own subject matter jurisdiction and may do so at any time on its own motion.[19]

Section 2241 authorizes a federal writ of habeas corpus under limited circumstances, including, where a petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States."[20] Federal habeas relief is warranted under Section 2241 only if: (1) an individual is in custody for purposes of Section 2241(c); and (2) the petitioner has exhausted available state remedies.[21] Plaintiffs' case fails the first test.[22]

The United States Supreme Court has expressly held that federal habeas remedies are not available for challenges to state actions removing children from the custody of their biological parents. In *Lehman* v. *Lycoming County Children's Services Agency*, a mother filed a federal habeas corpus petition under 28 U.S.C. §§ 2241 and 2254 challenging Pennsylvania's termination of her parental rights and placement of her sons in foster care.[23] The Supreme Court held that her

---

[18] *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).
[19] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).
[20] 28 U.S.C. § 2241(c)(3).
[21] *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).
[22] Plaintiffs' case may also fail the second test. As noted above, it appears that the state court proceedings are ongoing. Plaintiffs mention filing documents in the 21st JDC proceedings and seeking a supervisory writ, and also assert that there are "no final orders of record to appeal." R. Doc. 1, pp. 2-5. Additionally, if the state court proceedings are ongoing, that may warrant this Court abstaining from exercising jurisdiction over Plaintiffs' claims at this time. *Galyeon v. Texas Dep't of Child & Fam. Protective Servs.,* No. 21-189, 2021 WL 2372889, at *3 (E.D. Tex. May 13, 2021), report and recommendation adopted sub nom., *Galyeon v. Texas Dep't of Child & Fam. Servs.,* No. 21-189, 2021 WL 2371230 (E.D. Tex. June 9, 2021) ("The *Younger* abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger [v. Harris]*, 401 U.S. [37 (1971)] at 44. The doctrine…is also fully applicable to civil proceedings in which important state interests are involved.' *Moore v. Sims*, 442 U.S. 415, 423 (1979). A state agency's removal of a child from a parent's custody implicates such important state interests because "[f]amily relations are a traditional area of state concern.' *Id.* at 423, 435. Accordingly, a federal district court should not exercise jurisdiction over a challenge to the removal of a child from parental custody 'in light of pending state proceedings.' *Id.* at 418.").
[23] 458 U.S. 502, 505-06 (1982).

claims did not fall within the limited jurisdiction extended by federal habeas corpus statutes to review state judicial proceedings:

> [A]lthough the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was 'in custody' within the meaning of § 2254.[24]
>
> Ms. Lehman argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the 'custody' of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty ... and they suffer no 'collateral consequences' ... sufficient to outweigh the need for finality.
>
> The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.

---

[24] *Lehman* explicitly considered the petitioner's § 2254 claim, likely because "Section 2241 is generally 'the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Montemayor v. Dallas County Child Protective Services,* No. 18-3216, 2018 WL 7118011 (N.D. Tex., Dec. 10, 2018), citing *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). A challenge to a state court child custody decision appears more like a § 2254 habeas claim than a § 2241 claim; however, this Court does not have jurisdiction over habeas claims arising out of state child custody decision under either provision. Additionally, other district courts have extended *Lehman's* holding to § 2241 claims. *See Galyeon,* 2021 WL 2372889 at *2 and *Montemayor*, 2018 WL 7118011 at *1-2, citing *Lehman*, 458 U.S. at 508, 510-11 (other internal citations in *Montemayor* omitted).

5

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.[25]

The Supreme Court summarized by holding that "extending the federal writ to challenges to state child-custody decisions ... would be an unprecedented expansion of the jurisdiction of the lower federal courts," which it refused to allow.[26]

Accordingly, it is recommended that Plaintiffs' habeas claims which seek to overturn a state court child custody decision that placed Plaintiffs' children in non-relative foster care, be dismissed without prejudice.[27]

### B. Plaintiffs' Constitutional Claims Are Improperly Raised in a Habeas Corpus Proceeding

Plaintiffs also appear to be asserting constitutional claims. First, Plaintiffs seem to be suggesting that they did not receive due process protections in the state custody proceedings, which would appear to fall under the Fourteenth Amendment.[28] While there is narrowly-drawn Circuit authority permitting a Fourteenth Amendment challenge alleging the denial of due process in state court child custody proceedings under 42 U.S.C. § 1983,[29] this proceeding does not present a

---

[25] *Lehman*, 458 U.S. at 510–11 (footnotes and internal citations omitted).
[26] *Lehman,* 458 U.S. at 512.
[27] *Galyeon,* 2021 WL 2372889, at *2; *Montemayor,* 2018 WL 7118011, at *2 ("The Court therefore lacks jurisdiction to consider his habeas application that essentially requests direct federal review of state court child custody determinations. See id. [*Salinas v. Tex. Dep't of Family and Prot. Servs.*, No. 11-963, 2012 WL 13685, at *1 (W.D. Tex. Jan. 4, 2012)] ("Because Petitioner is challenging state court custody decisions, the Court is without jurisdiction to consider the habeas application"); *see also Anderson v. Anderson*, No. 4:14-cv-336-O, 2014 WL 3500151, at *1 n. 1 (N.D. Tex. July 15, 2014) ("Nor may Petitioner invoke federal habeas corpus jurisdiction to challenge California state proceedings, his parental rights, child custody or the other relief he seeks in his petition." (citations omitted))"). *See Smith v. Young,* No. 15-1989, 2017 WL 892312 (W.D. La. Feb. 13, 2017), *2 ("Petitioner challenges the state court judgment which terminated her parental rights and granted the involuntarily adoption of her children. Federal courts lack jurisdiction over state court judgments that involuntarily terminate parental rights and they do not have the power to issue child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992); *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 516 (1982); *Roman–Nose v. New Mexico Dept. of Human Service*, 967 F.2d 435 (10th Cir. 1993 [sic, 1992]).")
[28] *See e.g.*, R. Doc. 1, p. 5, ¶12 (complaining that a court lacks authority to give final orders and judgments if the state no longer wants to terminate parental rights).
[29] *See Rhoades v. Penfold,* 694 F.2d 1043, 1047 (5th Cir. 1983) (overruled on other grounds, as noted in *Clark v. Edwards,* No. 21-177, 2022 WL 193741, at *7 (M.D. La. Jan. 3, 2022) (subsequent history omitted)), in which the plaintiff parent alleged that the state court child custody proceeding (which resulted in a judgment that permanently terminated her parental rights) constituted a deprivation of her due process and equal protection rights because she

challenge only to the *procedures* leading up to the custody decision. Here, Plaintiffs specifically request reversal of the custody decree that resulted in placement of their children in foster care and return of their children to their custody,[30] a matter over which this Court lacks jurisdiction.[31] Because any due process challenge is intertwined with Plaintiffs' demand for reinstated custody of their children, any Fourteenth Amendment claim is subject to dismissal without prejudice.[32]

Plaintiffs' also assert a claim for "the right to protection from unlawful search and seizure," which would appear to fall under the Fourth Amendment;[33] a claim alleging "cruel and unusual punishment unlawful excessive fees and fines," which would appear to fall under the Eighth Amendment;[34] and a claim of "involuntary servitude and human trafficking," which would appear to fall under the Thirteenth Amendment.[35] The facts Plaintiffs allege in support of these claims appear to relate to DCFS being admitted into Plaintiffs' home and removal of the children, the children's right to "permanency," and the children's birth certificates.[36] However, these claims are

---

was indigent and was not provided court-appointed counsel. In holding that the court had federal question jurisdiction, the Fifth Circuit specifically noted: "Significantly, Rhoades was not claiming that the district court should review the state court's rulings on the substantive issues involved in the termination proceeding. To the contrary, Rhoades simply maintained that the entire proceeding, quite apart from the substantive issues of the termination proceeding, was constitutionally defective….In the instant proceeding, Rhoades is not attempting to relitigate any of the substantive issues underlying the state court's judgment. That is to say, Rhoades does not attack the state court's decision on the merits of the termination issue through defenses or claims that arise out of the relationship between her and her daughter." *Id.* at 1047-48.

[30] R. Doc. 1, p. 7 (Request for Relief, quoted *supra*).

[31] *See Juan v. Gulick,* No. 99-952, 1999 WL 232633, at *2 (E.D. La. Apr. 19, 1999)(dismissing the plaintiff's application for a writ of habeas corpus and 42 U.S.C. §1983 claim asserting Fourteenth Amendment violations arising out of an adverse child custody decree, finding that the Court lacked subject matter jurisdiction over all claims because the plaintiff's custody claims were the "essence of his alleged constitutional challenge" to the custody decree).

[32] This Court noted in *Clark* that *Rhoades*' exercise of jurisdiction over the plaintiff's collateral attack of the state court judgment due to a deprivation of the right to counsel was a "limited" one. 2022 WL 193741 at *7. In any case, Plaintiffs' challenge to the state court custody proceedings in this case is not limited to alleged deprivation of their due process rights; rather, they also challenge the substantive child custody decree. As these claims are intertwined, they lie outside of the Court's jurisdiction.

[33] The Fourth Amendment to the U.S. Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[34] The Eighth Amendment to the U.S. Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

[35] Section 1 of the Thirteenth Amendment to the U.S. Constitution provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."

[36] R. Doc. 1, pp. 6-7.

7

not properly raised in a petition for writ of habeas corpus.[37] Rather, these seem to be claims of constitutional violations of Plaintiffs' (and/or their children's) civil rights, although Plaintiffs have not referenced any civil rights statutes in their Petition.[38] To the extent Plaintiffs have attempted to allege civil rights claims, they must raise them via the appropriate civil rights statute[39] in a regular civil proceeding,[40] stating specific facts to support the claims and the details, including the who, what, where, and why regarding the claims in a understandable manner.

Finally, the filing of a civil lawsuit requires payment of the required $402 civil filing fee or a motion for leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1914 authorizes the Court to charge a civil filing fee of $350 and administrative fees.[41] The administrative fee for filing a civil action is $52.[42] The Clerk of Court is not required to file any paper or to render any service

---

[37] Generally, these claims also appear to lack merit. The Petition alleges that DCFS was "let into [the] home by another family member." R. Doc. 1, p. 6. As this allegation admits that DCFS was voluntarily permitted into the home by a family member, Plaintiffs may not be able to state a claim for "*unlawful* search and seizure." *See e.g., Roe v. Texas Dep't of Protective & Regul. Servs.,* 299 F.3d 395, 402 (5th Cir. 2002) (no Fourth Amendment claim when consent was given for agency's entry into the home to conduct investigative home visit). Plaintiffs do not allege any facts to support their claim of "excessive fines." Plaintiffs base their Thirteenth Amendment claim on the cryptic assertion that "holding children under warrant for collateral for [] performance is involuntary servitude," which fails to allege conduct prohibited by the Thirteenth Amendment. R. Doc. 1, p. 7

[38] *See, e.g., Frankin v. Bd. of Pardons & Paroles,* No. 3:10-1830, 2010 WL 4668471, at *2 (N.D. Tex. Oct. 19, 2010)(spelling in original), report and recommendation adopted sub nom., *Franklin v. Bd. of Pardons & Parole*, No. 3:10-CV-1830-K, 2010 WL 4668464 (N.D. Tex. Nov. 8, 2010) ("Liberally construing Petitioner's memorandum in support of the [habeas corpus] petition as also raising a section 1983 claim, such claim should be severed and addressed separately; *Patton v. Jefferson Corr. Ct*r., 136 F.3d 458, 463–64 (5th Cir. 1998) (where a habeas petition contains both habeas claims and civil rights claims brought pursuant to 42 U.S.C. § 1983, the district court should sever the section 1983 claims and address them) (other citations omitted). Severance is not an option here because the Court lacks jurisdiction over Plaintiffs' habeas claims; Plaintiffs have not asserted 42 U.S.C. § 1983 in their Petition; Plaintiffs' civil rights claims are unclear; and the Court cannot supply Plaintiffs with a cause of action.

[39] *See Pearson v. Callahan,* 555 U.S. 223, 227 (2009) (Fourth Amendment claim for unlawful search analyzed under 42 U.S.C. § 1983) and *Graham v. Connor*, 490 U.S. 386, 394 (1989) (Eight Amendment claim for cruel and unusual punishment analyzed under 42 U.S.C § 1983).

[40] The Pro Se Complaint Form is available on the Court's website under the "Forms" tab, "Pro Se Forms" tab, "Pro Se Complaint Form," or from the Clerk of Court's Office.

[41] The provisions of 28 U.S.C. § 1914 are mandatory and provide as follows:
  (a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
  (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
  (c) Each district court by rule or standing order may require advance payment of fees.

[42] U.S. District Court Miscellaneous Fee Schedule (https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule).

for which a fee is legally collectible unless the fee for the particular service is paid in advance.[43] Alternatively, Plaintiffs can seek to proceed IFP (without prepaying the required civil filing fee) by completing and filing an IFP application, which is available on the U.S. Courts' website.[44]

### III. RECOMMENDATION

This Court lacks subject matter jurisdiction over Plaintiffs' habeas Petition seeking return of their children from foster care, and the civil rights claims are improperly raised in the habeas Petition. To pursue any civil rights claims, Plaintiffs must file a civil rights complaint stating specific facts to support their claims and they must either pay the required $402 civil filing fee or file a motion for leave to proceed *in forma pauperis*.

Accordingly,

**IT IS RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241,[45] filed by Plaintiffs Michael Larue Hyde and Samantha Jo Gordon Hyde, be **DISMISSED WITHOUT PREJUDICE.** The Court lacks subject matter jurisdiction over Plaintiffs' habeas claims for return of their children to their custody, and Plaintiffs' civil rights claims were improperly raised in a habeas corpus petition.

Signed in Baton Rouge, Louisiana, May 5, 2023.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

---

[43] Local Civil Rule 5(c) provides: "[t]he Clerk of Court shall not be required to file any paper or to render any service for which a fee is legally collectible unless the fee for the particular service is paid in advance." Enactment of the local rule is authorized by Fed. R. Civ. P. 83.
[44] https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or-0
[45] R. Doc. 1.